Statement.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GLASS V. COLUMBIAN PAPER CO. AND ANOTHER.

### November 17, 1910.

Absent, Cardwell, J.

1. CHESAPEAKE AND OHIO RAILWAY COMPANY—*Title to Property—Abandonment of Navigation—Rights of Riparian Owners.*—The Chesapeake and Ohio Railway Company is the fee-simple owner of the land in controversy, under condemnation proceedings had by its predecessor in title, for navigation purposes. For nearly seventy years, it and its predecessors in title have held title to the property, and during all these years that title has never been doubted or drawn in question by the appellant, or any of his predecessors in title. The abandonment of North River for the purpose of navigation in the year 1881, and the application of appellee's property to other uses authorized by statutes of this State did not cause the property rights once vested in its predecessors in title to revert to the riparian owners. The application of the property to different uses was authorized by statute.

Appeal from a decree of the Circuit Court of Rockbridge county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*H. S. Rucker, E. M. Pendleton* and *G. D. Letcher*, for the appellant.

*Glasgow & White*, for the appellees.

WHITTLE, J., delivered the opinion of the court.

The bill in this case, which was filed by the appellant at August rules, 1908, contains the following material allegations: That the plaintiff, T. H. Glass, in the year 1906, acquired the land on the west side of North river opposite the city of Buena Vista, which he and his predecessors in title have owned, together with all easements and water rights appurtenant thereto, for more than sixty years; that in the year 1852 the North River Navigation Company, in the construction of its canal, built dam No. 6 across said river, abutting on the land in question; that this dam has remained there ever since, having been successively transferred to the James River and Kanawha Canal Company, the Richmond and Alleghany Railroad Company, the Chesapeake and Ohio Railway Company, and by the latter in 1892 leased to the Columbian Paper Company. The plaintiff disputes the title of the North River Navigation Company and its successors to the exclusive use of the water in North river at dam No. 6, the bill alleging that he can find no title by deed or contract of record, or condemnation proceedings of any kind, furnishing foundation for such claim; that as riparian proprietor plaintiff is entitled to one-half of the water of said river for domestic, manufacturing and other purposes; that the defendants have no right to the exclusive use of the water, and their claim thereto constitutes a cloud on his title; that the James River and Kanawha Canal Company and the Richmond and Alleghany Railroad Company abandoned navigation of North river in the year 1881, since which time neither said river nor said dam has been used for navigation purposes; and, therefore, any rights which these companies may have originally possessed in the premises have been abandoned. The bill, moreover, alleges that plaintiff's predecessor in title, Elisha Paxton, was owner by contract with the North River Navigation Company of the water power at dam No. 6 and

when Elisha Paxton's land was sold the water power was specifically included in the advertisement. To substantiate that allegation a copy of the advertisement is exhibited with the bill, and, with the sale made in pursuance thereof, constitutes an essential muniment in plaintiff's chain of title. The Chesapeake and Ohio Railway Company and the Columbian Paper Company are made defendants, and the bill prays that they be required to produce all records, deeds, contracts and other documentary evidence affecting the controversy; that the rights of the parties, respectively, to the water power be adjudicated and defined; that the cloud on plaintiff's title be removed, and the defendants injoined from using the water of the river belonging to the plaintiff, and for general relief. From a decree sustaining a demurrer to the bill, this appeal was allowed.

This decree is so plainly right on the merits that we shall not stop to consider mere questions of procedure, or any other minor assignment of error.

The statute law of the State (of which this court will take judicial notice) shows that nearly seventy years ago the North River Navigation Company was duly chartered for the purpose of rendering navigable the waters of North river by means of a system of dams, locks and canals. Acts, 1840-41, p. 101. It is also matter of history that this stupendous work was accomplished, and for many years successfully operated. In connection with the James river and Kanawha canal it supplied water transportation to the people of that section of the State to the city of Richmond. So far as the record discloses, the title of the company all these years was never doubted or drawn in question by any of appellant's predecessors in title. On the contrary, Exhibit "C" with the bill (the advertisement of sale of Elisha Paxton's estate) shows title by condemnation proceedings in the North River Navigation Company, and that whatever claim to water power may have passed by virtue of said advertisement and the sale made in

pursuance of it was held by plaintiff's predecessors in title in subordination to the rights of the Navigation Company. The advertisement states, that "There are also upon it (the land to be sold) two other water powers (besides the mills), created by the river and canal, and guaranteed to the estate by the North River Navigation Company, in the condemnation of the land for its use."

As the bill concedes, all the rights of the North River Navigation Company devolved upon the James River and Kanawha Canal Company (Acts 1857-8, p. 93), and all its rights were transferred to the Richmond and Alleghany Railroad Company (Acts 1878-9, p. 118), and by it to the appellee, the Chesapeake and Ohio Railway Company, the lessor of the Columbian Paper Company.

There is no merit in the allegation that the abandonment of navigation in North river in the year 1881 caused the property rights once vested in the North River Navigation Company and its successors to revert to the riparian owners. Identical language to that employed in the charter of the North River Navigation Company is found in the charter of the James River and Kanawha Canal Company, which, in the case of *C. & O. Ry. Co.* v. *Walker*, 100 Va. 69, 40 S. E. 633, 914, has been construed to confer upon the canal company the fee simple interest in property acquired by condemnation to be occupied by its works. It thus appears that the appellee, the Chesapeake and Ohio Railway Company, is invested with title to the property in controversy; and the bill states no case for relief.

The decree appealed from is, therefore, plainly right, and must be affirmed.

*Affirmed.*